UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDUARDO BRIGIAN,

              Petitioner,

         -against-

WILLIAM LEE, Superintendent, Green Haven
Correctional Facility,

              Respondent.
-----------------------------------------------------------X

**ORDER**

**00-CV-2675 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner Eduardo Brigian filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 11, 2000, challenging his state court convictions for second degree murder and second degree criminal possession of a weapon. (See Pet. (Dkt. 1).) On June 5, 2001, the court dismissed the petition as time-barred. (See Mem. & Order Dismissing Pet. (Dkt. 17).) Petitioner has now moved pursuant to Federal Rule of Civil Procedure 60(b)(6) to vacate the court's judgment dismissing his Petition. (Mot. to Vacate (Dkt. 23).) For the reasons explained below, Petitioner's motion is DENIED.

**I.    BACKGROUND**

    Petitioner's state convictions became final on November 20, 1995. (See Mem. & Order Dismissing Pet. at 4.) His one-year statute of limitations to file a federal habeas petition began to run on the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), on April 24, 1996. (Id.) Petitioner argued that although AEDPA's one-year statute of limitations had run when he filed his petition, the court should consider his petition equitably tolled due to the negligence of the attorney Petitioner retained to represent him in his federal habeas proceedings. (Id. at 5.) The court's Memorandum & Order dismissing the petition concluded that the

1

circumstances did not merit equitable tolling, but that even if the court were to find the statute of limitations equitable tolled, Petitioner did not act diligently to file his petition after learning of his attorney's suspension. (Mem. & Order Dismissing Pet. at 6-7.) The court concluded that "a diligent applicant would have filed [for habeas relief] much earlier than Petitioner did. Accordingly, Petitioner's application for a writ of habeas corpus is time-barred from my consideration." (Id.) However, because the Second Circuit had not resolved the precise issues involved and the court felt that reasonable jurists might disagree, the court granted Petitioner a certificate of appealability on the issue of whether principles of equitable tolling should apply to the facts of this case to enable the petition to survive AEDPA's statute of limitations. (Id. at 8-9.)

Petitioner appealed the court's decision. (Notice of Appeal (Dkt. 19).) He argued in his appeal that his attorney's conduct constituted extraordinary circumstances warranting equitable tolling of his petition. Brigian v. Artuz, 37 F. App'x 559, 560-61 (2d Cir. 2002). The Second Circuit concluded that even assuming the attorney's conduct would constitute an extraordinary circumstance, Petitioner did not file any collateral attack on his conviction until almost two and a half years after the AEDPA statute of limitations had passed, and more than one year after learning that his attorney had been disbarred. Id. at 562. Thus, Petitioner was not entitled to equitable tolling throughout the period he sought to toll. Id.

On July 5, 2012, Petitioner moved under Rule 60(b) to vacate the court's judgment that his petition was time-barred. (Mot. to Vacate.) Respondent opposed his motion. (See Resp. Aff. in Opp'n to Mot. to Vacate (Dkt. 33).)

## II. STANDARD

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Subsection 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." Id. at 528-29. To obtain relief under Rule 60(b)(6), a moving party must demonstrate "extraordinary circumstances" justifying the reopening of the final judgment. Id. at 536. "[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." Marrero Pichardo v. Ashcroft, 374 F. 3d 46, 56 (2d Cir. 2004). In habeas corpus proceedings, a motion may only be treated as a proper request for relief under Rule 60(b) if the motion "relates to the integrity of the federal habeas proceeding, not to the integrity of the criminal trial." See Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004).

## III. DISCUSSION

Petitioner seeks relief from the court's decision that his Petition was time-barred, arguing that the Supreme Court's recent decisions in Maples v. Thomas, 132 S. Ct. 912 (2012), and Martinez v. Ryan, 132 S. Ct. 1309 (2012), require the court to revisit his Petition and conclude

that it is not time-barred.[1] (See Pet. Aff. in Supp. of Mot. to Vacate (Dkt. 24) at 7-8.) According to Petitioner, the two cases establish that ineffective assistance from a post-conviction attorney can establish "cause" for purposes of equitable tolling. (Id.)

Even if Petitioner could demonstrate that these cases constitute "extraordinary circumstances" for purposes of Rule 60(b), see Marrero Pichardo v. Ashcroft, 374 F. 3d 46, 56 (2d Cir. 2004) (explaining that "as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)"), these cases are unavailing. In its 2001 dismissal of the Petition, the court concluded that even if the alleged negligence of Petitioner's attorney could be considered cause for purposes of equitable tolling, Petitioner caused further delays for which there was no good cause. (Mem. & Order Dismissing Pet. at 6-7.) Indeed, in affirming the court's ruling, the Second Circuit concluded that even if Petitioner's time was equitably tolled for the period resulting from his attorney's actions, Petitioner's time could not be tolled for the period resulting from his own actions. Brigian v. Artuz, 37 F. App'x at 562. Therefore, the change in decisional law upon which Petitioner bases his motion effects no change on this court's determination, and the Second Circuit's affirmance, that the Petition is time-barred.

---

[1] Both Martinez and Maples contemplate ineffective assistance of counsel as cause to excuse procedural default of a claim. See Martinez, 132 S. Ct. at 1318 (holding that when a state requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial"; and (2) where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington"); Maples, 132 S. Ct. at 927 (concluding that the ineffective assistance of Maples' postconviction attorney constituted complete abandonment and thus cause for procedural default of his claims). The Supreme Court addressed ineffective assistance of counsel as cause for equitable tolling in Holland v. Florida, 130 S. Ct. 2549 (2010), which was issued two years before Petitioner filed his Rule 60(b) motion.

4

## IV. CONCLUSION

For the reasons explained above, Petitioner's motion to vacate the judgment of the court that his habeas petition was time-barred is DENIED. No certificate of appealability shall issue.

SO ORDERED.

Dated: Brooklyn, New York
July 22, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5